UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KATINA SHERRILLS,                                    Honorable Richard A. Enslen

              Plaintiff,                             Case No. 1:05-CV-310

v.

LISA BEISON and FLOYD WILSON, JR.,

              Defendants.

_____/


## OPINION

This matter is before the Court pursuant to <u>Defendants' Motion to Strike</u>.  (Dkt.

7).  For the reasons articulated herein, the Court **denies** Defendants' motion.


## BACKGROUND

On April 29, 2005, pro se plaintiff Katrina Sherrills initiated an action against

Lisa Beison and Floyd Wilson, Jr, claiming they violated certain of her constitutional rights,

rights under Title VII of the Civil Rights Act and Elliott Larson Act.  Serving as her complaint,

pro se plaintiff completed and filed a standardized court form.  (Dkt. 2).  She also attached a

Factual Statement (six page "brief"), which she drafted, stating from her point of view the factual

allegations and sequence of events that led to the alleged violations.  (Dkt. 2, Attch. 1).

On May 31, 2005, Defendants filed their answer and affirmative defenses (Dkt. 6),

a motion to strike pro se plaintiff's six page "brief" (Dkt. 7), and a brief in support of

Defendants' motion to strike (Dkt. 8).  In Defendants' motion to strike they argue that pro se plaintiff's six page attachment is "redundant, immaterial, [or] impertinent," pursuant to Fed. R. Civ. P. 12(f).  (Dkt. 7 and 8).  Also, defendants further claim that the attachment violates Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.


## ANALYSIS

### I.                 "Redundant, Immaterial, [or] Impertinent"

Fed. R. Civ. P. 12(f) states, "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381.  Federal case law establishes that a motion to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  *Id.*

"The Rule 12(f) motion to strike allegedly offensive matter also will be denied if the allegations might serve to achieve a better understanding of the plaintiff's claim for relief or perform some other useful purpose in promoting the just and efficient disposition of litigation."  *Id.*  Furthermore, for the moving party to succeed on a motion to strike it must "comply with the

requirement in Rule 7(b) that motions state with particularity the grounds therefor and set forth the nature of relief or type of order sought."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380.  "Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f)."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381.

Defendants argue that "the matters set forth in plaintiff's brief are redundant or immaterial in light of the basic allegations set forth in the remainder of the Complaint."  (Dkt. 8).  The court finds, however, that pro se plaintiff's six page "brief" is both sufficiently related to the issues raised in her complaint and not prejudicial to Defendants' ability to identify the allegations against which they must defend.  Defendants not only understand pro se plaintiffs claims, but also responded in their answer to each allegation in an organized manner.  Furthermore, Defendants fail to identify any particular offensive language and fall far short of meeting the high standard of proof required to succeed under Rule 12(f).  Providing no compelling evidence of prejudice or irrelevancy, the Court concludes that Defendants' claim that pro se plaintiff's attached brief should be stricken is without merit.

## II.         Violations of Fed. R. Civ. P. 8(a)(2) and (e)(1)

Defendants argue that the six page "brief" attached to Plaintiff's complaint violates Fed. R. Civ. P. 8(a)(2) and (e)(1).  According to Defendants, "responding to the numerous factual statements set forth in plaintiff's six-page brief would be unduly burdensome upon the defendants, and unnecessary in light of the notice pleading rules contained in the Federal Rules of Civil Procedure."  (Dkt. 8).    Fed. R. Civ. P. 8(a)(2) states:  "A pleading which

sets forth a claim for relief, whether an original claim, counter claim, or third party claim, shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  In conjunction with Rule 8(a)(2), Defendants further allege that the six page "brief" fails to comply with Rule 8(e)(1), which states:  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."

Defendants, however, fail to acknowledge the abundant federal authority stating the lenient standard used when evaluating the pleadings of a pro se plaintiff.  "The judicial tendency is to disregard the deficiencies of a lengthy, unorganized complaint, particularly in a case in which a dismissal with leave to replead probably would not result in a substantially better drafted or more illuminating pleading."  Wright and Miller, Federal Practice and Procedure: Civil 3d § 1217.  "This reluctance on the part of the federal courts to dismiss for deviation from the short-and-plan statement standard understandably manifests itself most predominately and most frequently when the plaintiff is appearing pro se."  *Id.*  Though "[t]he lenience granted pro se plaintiffs . . . is not boundless,"  *Martin v. Overton*, 392 F.3d 710, 714 (6th Cir. 2004) (internal citations omitted), the United States Supreme Court unanimously held that "a pro se plaintiff, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal citations omitted). The leniency standard still require[s] basic pleading standards and a court is not required to conjure allegations on a litigant's behalf.  *Id.*

However, Plaintiff's attached statement of facts is understandable and helpful to determine of what she complains.  Defendants have not demonstrated that Plaintiff's complaint, including the attached six page "brief," fails to provide notice of sufficient facts on which a valid

claim could be based.  As such, considering Plaintiff's pro se status and Defendants' failure to provide any contrary evidence, the Court concludes that the Factual Statement attached to Plaintiff's complaint complies with Fed. R. Civ. P. 8.

**III.**          **Violation of Fed. R. Civ. P. 10(b)**

Defendants further argue that Plaintiff's six page brief fails to comply with Fed. R. Civ. P 10(b), which states in relevant part:  "All averments of claim . . . shall be made in numbered paragraphs, the content of each of which shall be limited as far as practicable to a statement of a single set of circumstances."  However, "[b]ecause the motion to direct a party to paragraph a pleading properly often is employed only as a dilatory tactic, a district court should direct a pleader to paragraph only when the existing form of the pleading is prejudicial or renders the framing of an appropriate response extremely difficult."  Wright and Miller, Federal Practice and Procedure: Civil 3d § 1322.  Also, the Court notes that many sophisticated litigation firms draft complaints on behalf of corporate clients far exceeding six pages in length.

As such, consistent with the discussion in the previous sections, the Court concludes that Plaintiff has adequately performed her duty to notify defendants of the facts surrounding her allegations, despite her failure to number the paragraphs in her complaint pursuant to Fed. R. Civ. P. 10(b).

## CONCLUSION

For the reasons discussed herein, the Court determines that Defendants' motion to strike is **denied**. If they wish, Defendants may, however, self-number each allegation in Plaintiff's factual statement and file an amended answer that admits, denies, or states they are

-5-

without sufficient information to admit or deny each allegation.  An order consistent with this opinion will follow.


Date:  July 21, 2005                                    /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge